entered into the final execution of the instrument of settlement.'

"I will advise a decree dismissing the bill. Since defendant by her answer has made no claim against complainant for the money he has received, no relief of that nature can be awarded."

*Mr. Alexander L. Rogers,* for the appellant.

*Mr. Grover C. Richman,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.

---

WILLIAM K. PAFF, appellant,

*v.*

HERBERT P. MARGERUM et al., respondents.

[Decided May 14th, 1928.]

1. Restrictions upon real estate are not looked upon with favor by a court of equity, and restrictive agreements are enforced only when and so far as they are clear with respect to the restrictions which they purport to impose.

2. Restrictions upon the use of land are always to be construed strictly, and ambiguities and uncertainties are to be resolved in favor of the owner's unrestricted use of the land.

3. Equity does not aid one to restrict another in the use to which he may put his land, unless the right to such aid is clear, and where there is doubt as to the right, equitable relief will be denied.

4. Restrictive provisions in a contract with respect to building lots sold, relative to the type and cost of buildings that could be erected on them, and the location of such buildings, *held,* not clear enough to warrant granting an injunction in the case *sub judice,* at the instance of another lot owner, against the erection of a five-story apartment house on adjoining lots.

On appeal from a decree or order of the court of chancery advised by Vice-Chancellor Buchanan, who filed the following conclusions:

"Under the plan of lots as drawn for the 'Dean Estate' there were sixteen lots each twenty-five feet wide and one hundred and fifty feet deep, numbered from seven to twenty-two, inclusive, fronting on Parkline [now Lenape] avenue. Lot twenty-two was the corner lot, and was bounded on its right-hand side by Riverside avenue. In 1911, James E. Glenn owning lots seven to ten, inclusive, Alfred Robertshaw owning lots eleven to fourteen, inclusive, and Oliver M. Schafer owning lots fifteen to twenty-two, inclusive, entered into a restrictive contract with respect to the said lots, containing the following provisions:

" '*First.* That no dwellings shall be erected in pairs or rows but that they must all be single dwellings.

" '*Second.* That no dwelling shall be erected to cost less than four thousand dollars.

" '*Third.* That no dwelling shall be erected on a twenty-five-foot lot but the ground for each dwelling shall have a frontage of not less than thirty-three and one-third feet.

" '*Fourth.* That no dwelling shall be erected on the premises within thirty feet of the front property line, providing that this prohibition shall not be constructed to extend to bay-windows, open porches or steps.

" '*Fifth.* That no out-buildings shall be erected on the premises within one hundred feet of the front property line.

" '*Sixth.* It is agreed that in the event of the owner of lots numbered 17, 18, 19, 20, 21 and 22 desiring to front these lots and the dwellings to be erected on them on Riverside Ave., instead of Parkline Ave., the dwelling and out-building nearest Parkline Ave., may be erected not less than twenty feet from the property line of Parkline

Ave., and the foregoing restrictions and regulations are not to apply to these lots when they front on Riverside Ave., but lots numbered 15, 16 are to be covered by the foregoing restrictions and regulations.'

"Complainant is now the owner of lot seventeen and half of lot sixteen. Lots eighteen to twenty-two are owned by defendants, who are about to erect a five-story apartment house thereon, to face on Riverside avenue. Complainant by his bill seeks to enjoin the erection of such apartment house on the ground that it violates the restrictions, contending that nothing but single dwelling houses can lawfully be erected on these lots.

"The matter came on to be heard on affidavits on the return of an order to show cause for restraint *pendente lite,* but both sides agreed that the matter should be deemed to be before the court as on final hearing.

"It seems to me that the injunction must be denied upon the ground that the right of complainant under the restrictive agreement is not clear. It has been repeatedly laid down that restrictions upon real estate are not looked upon with favor, and restrictive agreements are enforced only when and so far as they are clear with respect to the restrictions which they purport to impose.

"Restrictions upon the use of lands are always to be construed strictly, and ambiguities and uncertainties are to be resolved in favor of the owner's unrestricted use of the land. *Marsh* v. *Marsh, 90 N. J. Eq. 244; Underwood* v. *Herman, 82 N. J. Eq. 353; Howland* v. *Andrus, 81 N. J. Eq. 175.* Equity does not aid one to restrict another in the use to which he may put his land unless the right to such aid is clear, and when there is doubt as to the right, equitable relief will be denied. *Fortesque* v. *Carroll, 76 N. J. Eq. 583; Howland* v. *Andrus, supra; Underwood* v. *Underwood, supra.*

"In the present instance I think it is at least doubtful that it was intended by these restrictions to prevent the owner of lots eighteen to twenty-two, inclusive, from fronting those lots on Riverside avenue and erecting an apartment house thereon.

"It is clear that defendants would have the right to do just that if they owned lot seventeen as well as the other five lots,

for in the event that such lots are fronted on Riverside avenue *none* of the prior restrictions are to apply to them.

"Complainant contends that under the restrictive agreement such lots can be fronted on Riverside avenue only if all six are so fronted. As I have said, it does not seem to me that such is the necessary or clear intent and meaning of the agreement, and it is upon that ground that I deny the restraint. Some of the other grounds advanced by defendant might lead to the same result, but under the view I have taken it is unnecessary to consider them.

"Costs, but no counsel fee, will be allowed defendants."

*Messrs. Minton & Rogers,* for the appellant.

*Messrs. Perlman & Lerner,* for the respondents.

PER CURIAM.

The decree-order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Buchanan.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   14.

*For reversal*—None.